UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIOLET V. MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK CITY TRANSIT AUTHORITY,<br><br>Defendant. | ECF/CM Case<br><br>Case No.  17-CV-6522<br><br>**COMPLAINT**<br><br>JURY DEMAND |

**NATURE OF THE ACTION AND THE PARTIES**

1.  This is an action to redress  unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1871, as amended ("Civil Rights Act") 42 U.S.C. §1981, the New York State Human Rights Law ("State Human Rights Law") N.Y. Exec.  L. §290 *et seq.* and the New York City Human Rights Law ("City Human Rights Law") N.Y.C. Admin. Code §8 -101 *et seq.*

2.  Defendant New York City Transit Authority ("Transit") is a public benefit corporation created by the New York State Legislature to operate the public commuter railroad and bus transportation system for the City of New York.

3.  Violet V. Montgomery ("Valerie Montgomery" or "Montgomery") an African-American female, is an employee of Transit.

1

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Montgomery's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all causes of action accrued in New York County.

6. Montgomery has satisfied all necessary pre-suit administrative requirements in order to bring all causes of action herein.

## FACTUAL ALLEGATIONS

7. Montgomery's first position with Transit was in May 1988 as an Associate Staff Analyst in the Contracts Department, a subdivision within Transit.

8. After server merit promotions over the next decade, on April 27, 1998, Montgomery was promoted to a managerial position in Field Operations - South within Subways.

9. In 2000, Montgomery was promoted and reassigned to Automated Fare Collection Maintenance - Brooklyn /Queens within the Revenue Department, now known as the Electronic Maintenance Division, a subdivision of Maintenance of Way within Subways.

10. In June 2007, Montgomery was reassigned from Automated Fare Collection Maintenance to her current managerial position in Production Planning in the Central Electronics Shop, Maintenance Support, and Electronic Maintenance Division.

### *The 2012 Application for Promotion*

11. On May 11, 2012, Transit posted a Job Vacancy Notice for the position of General Superintendent, AFC Maintenance Operations (the "2012 position") the same position at issue in this Complaint for which Montgomery applied for in 2014.

12. In her submission for the 2012 position, Montgomery submitted an application containing a cover letter and her resume. There, the sum and substance of Montgomery's application made that she:

    (a) has been employed by the New York City Transit Authority for over twenty-five years;

    (b) has over twenty-five years of experience in operations, engineering, maintenance, labor relations, contracts, facility maintenance, leadership skills and safety operational experience;

    (c) in 1998 through 2000 she performed similar functions in another job title;

    (d) was the Senior Director (North) in predecessor to the AFC Maintenance Operations and she was in charge of equipment for all the depots in Brooklyn and Queens;

    (e) was responsible for all Revenue Equipment for Stations in Brooklyn and Queens;

    (f) she supervised superintendents and hourly employees;

    (g) received excellent job performance evaluations during the period of time in which she worked in the Revenue Equipment Department;

    (h) improved the Preventative Maintenance standards in the Revenue Equipment Department;

    (i) that with all of the above plus her experience in working with for Department of the Army as the Chief of Management Systems Branch, her

attainment of a four-year college degree and along with her prior Transit experience, has allowed her to bring a different, unique and improved set of skills that would make her an ideal candidate to be promoted.

13. Montgomery, however, was not selected for this promotional opportunity.

14. The 2012 position, however, was withdrawn after a few anonymous complaints to the Transit's Equal Employment Opportunity Office that the selection process was tainted with sexism and racism; that the selectee, a white-male, was less qualified female candidate who was not selected.

15. At least one of the anonymous complaints pointed out that the selection committee violated, if not the rules, the stated goals of diversity for the members of the selection committee.

16. An internal Equal Employment Opportunity Office investigation claims to have determined that there was no violation of Equal Opportunity rules; however, to avoid the appearance of impropriety in the selection process, the position was to be re-posted.

### *The 2014 Application for Promotion*

17. On January l, 2014, the Transit again posted a vacancy notice for the General Superintendent, AFC Maintenance Operations position reference in paragraph 12 of this Complaint (the "2014 position").

18. Once again Montgomery applied but she was not selected.

19. The section committee for the 2014 position was comprised of the mainly the same individuals as noted in Transit's internal EEO investigation pertaining to 2012

4

position.

20. The section committee again selected a person that did not have the educational achievement or the comparable work experience of Montgomery.

21. In other words, a less qualified white-male was selected over Montgomery for the 2014 position that is at issue in this Complaint.

### *The Complaint to the EEOC*

22. In October 2014, Montgomery filed a complaint with the EEOC, a pre-suit requirement under federal law, so that her complaint can be properly investigated.

23. Transit was given ample time and opportunity to respond to the complaint and the investigative inquiries.

24. The EEOC found Transit's responses were unavailing.

25. The EEOC found that there was probable cause to believe that Montgomery was a victim of unlawful workplace discrimination based on her race and gender.

### **COUNT - I**
### *Title VII: Failure to Promote Because of Race*

26. Montgomery repeats and realleges every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as though fully set forth herein.

27. At all relevant times, Transit was an "employer" and Montgomery was an "employee" of the within the meaning of Title VII.

28. Transit's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination because of Montgomery's race all in violation of

Title VII.

29. Transit's conduct, as alleged herein, was carried out with malice or reckless disregard for Montgomery's right not to suffer from discrimination because of her race.

30. As a result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

31. As a further result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

32. As a result of Transit's unlawful conduct, Montgomery is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from Transit under Title VII.

### COUNT - II
*Title VII: Failure to Promote Because of Gender*

33. Montgomery repeats and realleges every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as though fully set forth herein.

34. At all relevant times, Transit was an "employer" and Montgomery was an "employee" of the within the meaning of Title VII.

35. Transit's conduct, as alleged herein, constituted unlawful employment

practices and unlawful discrimination based on Montgomery's sex ("gender") all in violation of Title VII.

36. Transit's conduct, as alleged herein, was carried out with malice or reckless disregard for Montgomery's right not to suffer from discrimination because of her gender.

37. As a result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

38. As a further result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

39. As a result of Transit's unlawful conduct, Montgomery is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from Transit under Title VII.

## COUNT - III
### *Section 1981: Deprivation of Civil Rights To Contract Because of Race*

40. Montgomery repeats and realleges every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as though fully set forth herein.

41. At all relevant times Transit acted with the deliberate purpose of denying Montgomery's right to engage in a contractual manner so that she may enjoy the benefits

7

of her employment as alleged throughout this Complaint.

42.  As a result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer, damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

43.  As a result of Transit's unlawful conduct, Montgomery is entitled to recover such monetary damages and other damages, interest, and attorneys' fees and costs from Transit under Section 1981 and its supporting laws allowing for such relief.

## COUNT - IV
*State Human Rights Law: Failure to Promote Because of Race*

44.  Montgomery repeats and realleges every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as though fully set forth herein.

45.  At all relevant times Transit as an "employer" and Montgomery was an "employee" within the meaning of the State Human Rights Law.

46.  Transit's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her race as outlawed under the State Human Rights Law.

47.  As a result Transit's unlawful conduct, Montgomery has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension

and retirement earnings, lost interest and attorneys' fees and costs as allowed under the State Human Rights Law.

48. As a further result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation. Montgomery is entitled to recover damages for such injuries from Transit under the State Human Rights Law.

## COUNT - V
### *State Human Rights Law: Failure to Promote Because of Gender*

49. Montgomery repeats and realleges every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as though fully set forth herein.

50. At all relevant times Transit as an "employer" and Montgomery was an "employee" within the meaning of the State Human Rights Law.

51. Transit's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her gender as outlawed under the State Human Rights Law.

52. As a result Transit's unlawful conduct, Montgomery has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the

State Human Rights Law.

53. As a further result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation. Montgomery is entitled to recover damages for such injuries from Transit under the State Human Rights Law.

## COUNT - VI
### *City Human Rights Law: Failure to Promote Because of Race*

54. Montgomery repeats and realleges every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as though fully set forth herein.

55. At all relevant times Transit as an "employer" and Montgomery was an "employee" within the meaning of the City Human Rights Law.

56. Transit's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her race as outlawed under the City Human Rights Law.

57. As a result Transit's unlawful conduct, Montgomery has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the City Human Rights Law.

58. As a further result of Transit's unlawful conduct, Montgomery has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation. Montgomery is entitled to recover damages for such injuries from Transit under the City Human Rights Law.

## COUNT - VII
### *City Human Rights Law: Failure to Promote Because of Gender*

59. Montgomery repeats and realleges every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as though fully set forth herein.

60. At all relevant times Transit as an "employer" and Montgomery was an "employee" within the meaning of the City Human Rights Law.

61. Transit's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination based on her gender as outlawed under the City Human Rights Law.

62. As a result Transit's unlawful conduct, Montgomery has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs as allowed under the City Human Rights Law.

63. As a further result of Transit's unlawful conduct, Montgomery has suffered

and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain and suffering, inconvenience, impending loss of her residence, loss of enjoyment of life, and lasting embarrassment and humiliation.  Montgomery is entitled to recover damages for such injuries from Transit under the City Human Rights Law.

## **PRAYER FOR RELIEF COMMON TO ALL COUNTS**

WHEREFORE, Montgomery demands judgment as follows and for the Court to grant further relief as may be necessary and proper as follows:

(1) enter a judgment declaring the acts and/or practices of Transit to be in violation of the above described laws against unlawful discrimination in the workplace;

(2) award Montgomery as against Transit, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of Transit's acts of unlawful workplace discrimination;

(3) award Montgomery as against Transit, consequential damages for losses resulting from Transit's unlawful acts of workplace discrimination;

(4) award Montgomery as against Transit, compensatory damages  for among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the above described laws against workplace discrimination;

(5) award Montgomery as against Transit, punitive damages; and

(6) award Montgomery as against Transit, the cost of this action together with attorneys' fees in accordance with the above described laws against workplace discrimination.

## JURY DEMAND

Montgomery demands a jury trial for all issues triable by jury.

August 28, 2017  
New York, New York

Respectfully submitted,

LAW OFFICE OF
LOCKSLEY O. WADE, LLC
11 Broadway, Suite 615
New York, NY 10004
(212) 933-9180
(212) 933-9181 Fax

By: /S/ *Locksley O. Wade*
Locksley O. Wade, Esq.
*Attorney for Plaintiff*