**MANDATE**

19-1036-cv
*Montgomery v. New York City Transit Auth.*

1:17-cv-06522-JMF

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          RICHARD J. SULLIVAN,
                    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr 29 2020

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VIOLET V. MONTGOMERY,
          *Plaintiff-Appellant*,

          -v-                                                              19-1036-cv

NEW YORK CITY TRANSIT AUTHORITY,
          *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    LOCKSLEY O. WADE, Law Office of
                            Locksley O. Wade, LLC, New York,
                            New York.

**MANDATE ISSUED ON 04/29/2020**

| | |
|---|---|
| FOR DEFENDANT-APPELLEE: | STEVEN GERBER (Beth L. Kaufman and Jeremy Miguel Weintraub, *on the brief*), Schoeman Updike Kaufman & Gerber LLP, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Violet V. Montgomery appeals from a judgment of the district court entered March 20, 2019, dismissing her claims against defendant-appellee New York City Transit Authority ("NYCTA"). By memorandum opinion and order entered March 19, 2019, the district court granted NYCTA's motion for summary judgment, dismissing Montgomery's gender- and race-based employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; Section 1981 of the Civil Rights Act of 1871 ("Section 1981"), 42 U.S.C. § 1981; the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* On appeal, Montgomery argues that the trial court erred in (1) denying her motion to strike NYCTA's motion for summary judgment and (2) granting NYCTA's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

In 2012, NYCTA posted a job opening for a management position. Eight candidates, including Montgomery and Robert Gorvetzian, were interviewed for the position by a four-person panel.[1] The panel preferred Gorvetzian for the position, but it did not extend him an offer because an investigation by NYCTA's Equal Employment Opportunity ("EEO") office revealed there was a "perception" that the hiring process was "tainted." J. App'x at 264. The EEO office recommended that the interview process begin afresh with a new panel. In January 2014, NYCTA re-posted the job opening and replaced two people on the panel. Of the 46 applicants, seven were chosen for interviews.[2] Because one candidate withdrew, six candidates were interviewed for the position, including Montgomery and Gorvetzian. The panelists independently scored each candidate on a 1-to-5 scale across seven categories, wrote notes about each candidate's strengths and weaknesses, and ranked the candidates in order of preference.[3]

Each member of the panel ranked Montgomery as their third or fourth choice for the position, primarily awarding her 3s and 4s across all seven categories.

---

[1]   There was one non-voting member on the panel from Human Resources.
[2]   Of the 46 resumes NYCTA reviewed, three appeared to be from female applicants. Two of these three candidates were selected for interviews.
[3]   Like the first panel, there was one non-voting member on the 2014 panel. Nonetheless, the Record contains four evaluation sheets for Montgomery and three evaluation sheets for Gorvetzian. All four members of the panel emailed their rankings after the interviews were conducted.

The only category where her average was higher than Gorvetzian's was "Education," where she received several scores of 4 or better. As a strength, the hiring manager on the panel, Robert Moakler, noted that Montgomery was "enthusiastic -- very loud/thunderous," J. App'x at 115, but each panelist noted at least one weakness, with two members commenting that she did not present her ideas clearly and another noting that she "was not specific about anything," J. App'x at 117.

In contrast, each member of the panel ranked Gorvetzian as his or her top choice for the position. Indeed, every panelist awarded him 5s for "Related Job Experience" and "Communication Skills," and he earned a 5 from at least one panelist in every category except "Education," where he received 3s across the board. J. App'x at 119-21. None of the panelists provided any negative comments about Gorvetzian, and all made positive comments about his presentation. Following the interviews, Moakler sent a memo to Human Resources explaining that Gorvetzian was "the best candidate for the position," noting specifically how his role as superintendent prepared him for the promotion. J. App'x at 129. Thereafter, Gorvetzian was offered and accepted the job.

Montgomery filed a complaint with the U.S. Equal Employment Opportunity Commission (the "EEOC") claiming she was discriminated against based on her gender and race. Specifically, she alleged that "a white male with less education, qualifications, and experience" was given the job instead of her, J. App'x 143, and she

-4-

expressed dissatisfaction that two members of the 2012 panel were on the 2014 hiring panel despite the EEO office's prior recommendation. Moreover, according to Montgomery's district court complaint, "[t]he EEOC found that there was probable cause to believe that Montgomery was a victim of unlawful workplace discrimination based on her race and gender." D. Ct. Dkt. No. 32 at Ex. 7.

During discovery, Moakler was deposed on April 20, 2018, and was asked, in part, about two notes he took during the 2012 interview process -- that Montgomery "began to get loud," J. App'x at 416, and that Montgomery "[b]egan yelling to demonstrate" how she handled insubordinates, J. App'x 418. He stated that those notes were observations about Montgomery's volume. Another member of the 2012 panel, Barry Henry, was deposed the same day, and he was asked to search for the notes he took during the initial interview process.[4] NYCTA moved for summary judgment on June 27, 2018, and produced Henry's notes on July 10, 2018, several weeks before Montgomery filed her memorandum in opposition to NYCTA's motion for summary judgment but after the close of discovery. In her memorandum in opposition, Montgomery moved to strike NYCTA's motion for summary judgment and reopen discovery because NYCTA disclosed certain information after discovery closed; Montgomery claimed she would have changed her litigation strategy in light of the later-produced documents. By memorandum opinion and order entered March 19,

---

[4] Henry was one of the two panelists replaced for the 2014 interviews.

-5-

2019, the district court granted NYCTA's motion for summary judgment. In a footnote, the district court denied Montgomery's motion to strike as moot, noting that the court did not rely on any of the materials that formed the basis of Montgomery's objections. This appeal followed.

## DISCUSSION

*1.     Montgomery's Motion to Strike*

"A district court has broad discretion to manage pre-trial discovery and we review its decisions on these matters only for abuse of discretion." *Wood v. F.B.I.*, 432 F.3d 78, 84-85 (2d Cir. 2005). Under Federal Rule of Civil Procedure 56, "[i]f a nonmovant shows by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition" to summary judgment, the court may defer or deny summary judgment, reopen limited discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d) (emphasis added).

Here, the district court did not abuse its discretion when it denied Montgomery's motion to strike and refused to reopen discovery. First, the district court did not rely on Henry's notes to grant summary judgment. This was not an abuse of discretion, as those notes were from the 2012 interview process, and Henry was not involved in the 2014 interview process. Second, Montgomery has not alleged any "specified reasons," *id.*, as to how her litigation strategy would have changed had she seen Henry's notes earlier. Third, the other documents NYCTA produced after the close

-6-

of discovery related to NYCTA's attempt to prove that Montgomery worked for an entity other than NYCTA, which, as the district court noted, had no bearing on the success of Montgomery's discrimination claim. Accordingly, the district court did not abuse its discretion when it denied Montgomery's motion to strike NYCTA's summary judgment motion and reopen discovery.

2.      *NYCTA's Motion for Summary Judgment*

"We review a district court's grant of summary judgment *de novo*." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013). On review, we "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in her favor." *Abbey House Media, Inc. v. Simon & Schuster, Inc.*, 869 F.3d 53, 55 (2d Cir. 2017). Summary judgment can only be entered when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute requires evidence that "would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016).

To defeat summary judgment in an employment discrimination case under Title VII, Section 1981, and the NYSHRL, the plaintiff's "admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the employer's employment decision was more likely than not based in whole or in part on discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014)

-7-

(alterations omitted); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (describing burden-shifting framework for proving an employment discrimination claim).  Here, the district court determined that Montgomery failed to present evidence that would permit a reasonable factfinder to conclude that NYCTA's reasons for promoting Gorvetzian were pretextual or that NYCTA picked Gorvetzian over Montgomery more likely than not for a discriminatory reason.  We agree.

   First, there was ample, contemporaneous evidence that Gorvetzian was the best applicant for the promotion.  The panelists independently rated each candidate across seven categories and independently ranked each candidate.  Every member of the panel rated Gorvetzian as the best applicant, and no member of the panel ranked Montogmery better than third.  Indeed, Gorvetzian was given a higher rating than Montgomery in six out of the seven categories, and no panelist wrote a negative comment about him.  Moreover, Moakler wrote a detailed, one-page memo explaining why the panel selected Gorvetzian for the promotion.  Montgomery presented no evidence of pretext.

   Second, Montgomery failed to present any concrete evidence that she was discriminated against because of her gender or race.  To prove both her gender and race discrimination claims, she relied entirely on Moakler's comments about her being "loud," claiming these were coded language for both gender and racial stereotypes.  The record, however, belies this point.  Most notably, Moakler's 2014 comment -- that she

-8-

was "enthusiastic -- very loud/thunderous," J. App'x at 115 -- is listed as one of Montgomery's strengths. And to the extent Moakler's 2012 comments -- which he explained in his deposition were objective statements about Montgomery's volume during the interview -- are relevant, they are not enough for a reasonable jury to conclude that discrimination played a role in NYCTA's decision to hire Gorvetzian instead of Montgomery. Given the absence of evidence of discrimination and the extensive evidence that Gorvetzian was the better-qualified applicant, no reasonable jury could find pretext or a discriminatory motive. Accordingly, the district court did not err in granting NYCTA's motion for summary judgment on Montgomery's federal and state claims.

We also agree with the district court that Montgomery failed to prove her NYCHRL claim. Such a claim must be analyzed separately from the federal and state claims, as the NYCHRL is broader and more permissive. *See Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015). A discrimination claim is actionable under the NYCHRL where an employee is treated "less well" because she belongs to a protected class. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110-11 (2d Cir. 2013). Under the NYCHRL "summary judgment is appropriate if the record establishes as a matter of law that discrimination or retaliation played no role in the defendant's actions." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 76 (2d Cir. 2015) (internal quotation marks and alterations omitted). Despite this less stringent

-9-

standard, no reasonable juror could find that Montgomery was treated "less well" because she belongs to a protected class or that discrimination played any role in the application process. Accordingly, the district court did not err when it granted summary judgment on Montgomery's NYCHRL claim.

\* \* \*

We have considered Montgomery's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

-10-